E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
BILLY JOE MCLAIN (Cal. Bar No. 290682)
Assistant United States Attorney
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:   (213) 894-6702
    E-mail:  billy.mclain@usdoj.gov/
             joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-CR-053-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date:  January 3, 2023 |
| DAVID HOBART PAYNE, | Location:    Courtroom of the Hon. Josephine L. Staton |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Joseph McNally and Billy Joe McLain, hereby submits its trial memorandum in the above-captioned case.

//

//

//

1    Dated: December 31, 2022          Respectfully submitted,

2                                      E. MARTIN ESTRADA
                                       United States Attorney
3
                                       SCOTT M. GARRINGER
4                                      Assistant United States Attorney
                                       Chief, Criminal Division
5

6                                      _____/s/_____
                                       BILLY JOE MCLAIN
7                                      JOSEPH T. MCNALLY
                                       Assistant United States Attorney
8
                                       Attorneys for Plaintiff
9                                      UNITED STATES OF AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Table of Contents**

TRIAL MEMORANDUM...................................................1

I.    STATUS OF THE CASE............................................1

      A.    Trial Schedule.........................................1

      B.    Witnesses..............................................1

II.   STATEMENT OF THE CHARGE AGAINST DEFENDANT.....................2

III.  STATEMENT OF FACTS............................................3

IV.   MOTIONS IN LIMINE.............................................3

      A.    Government's Motion to Admit Cooperating Witness
            Testimony Regarding Sham Contracts with Drobot-Related
            Entities (Granted).....................................3

      B.    Government's Motion to Admit Portions of January
            Recording (Granted)....................................3

      C.    Defendant's Motion to Exclude January Recording
            (Denied)...............................................4

      D.    Defendant's Motion Admit Statements by Government
            Counsel (Denied).......................................4

      E.    Defendant's Motion to Preclude Admission of Lay and
            Expert Testimony (Granted).............................4

V.    EVIDENTIARY ISSUES............................................4

      A.    Stipulations...................**Error! Bookmark not defined.**

            1.    Defendant's Statements and Adopted Admissions........4

            2.    Defendant May Not Introduce His Statements or His
                  Co-Conspirators' Statements because they are
                  Hearsay........................................5

            3.    Co-Conspirator Statements..........................7

            4.    Patient Medical Records............................9

      B.    Summaries Charts and Witnesses.........................10

            1.    Summary Witnesses.................................10

      C.    Authentication and Foundation..........................10

            1.    Fed. R. Evid. 901.................................10

**<u>TABLE OF CONTENTS (CONTINUED)</u>**

<u>DESCRIPTION</u>                                                                                          <u>PAGE</u>

       2.   Written and Electronic Communications...............11

       3.   Business Records..................................12

VI.  CONCLUSION....................................................13

**TRIAL MEMORANDUM**

**I.    STATUS OF THE CASE**

    **A.    Trial Schedule and Status of Other Matters**

    Jury trial is set to begin with jury selection on January 3, 2022, at 9:00 a.m.  The government estimates about six days for its case-in-chief, not including jury selection.  David Hobart Payne ("defendant") is on release pending trial.

    The parties submitted revised jury instructions and a verdict form on December 21, 2022.  Word versions of the documents were provided to the Court via email.  There are a limited number of disputed jury instructions for the Court to resolve.  The parties have also submitted a joint statement of the case and agreed upon redacted indictment.  There are no pending motions.

    **B.    Witnesses**

    The government's witnesses fall into the below categories, although the government may not call witnesses from each category:

- Executives of Pacific Hospital who participated in the alleged bribe scheme.

- Doctors who participated in the alleged bribe scheme by performing surgeries at Pacific Hospital or referring patients to Pacific Hospital in exchange for money.

- Defendant's patients who were operated on at Pacific Hospital.

- Employees of private and government-operated insurance programs who paid claims based on surgeries performed by defendant.

- A former neurosurgeon (Scott Lederhaus, M.D.), who will testify as an expert witness regarding how payments work

vis-à-vis hospital and insurance companies when private practice surgeon perform surgery at a hospital, different types of illegal kickback payments, and a doctor's fiduciary duty to patients.

- Special Agent Colleen Maher, United States Postal Inspection Service, Office of Inspector General, who will testify as an expert regarding the modus operandi of kickback schemes and who will provide expert and lay opinion testimony regarding the January 13, 2012 recording of Defendant and CHS-1 (the "January Recording").

- One law enforcement witness will testify to lay a foundation the January Recording.  Another law enforcement witness will testify to lay a foundation for financial records and a 1006 exhibit.

One witness, a cooperating co-defendant, is in custody.  The government has notified the United States Marshal service that the witness will be needed for trial testimony and will arrange for his appearance.

**II.   STATEMENT OF THE CHARGE AGAINST DEFENDANT**

The defendant is charged in a five-count First Superseding Indictment, which alleges that defendant violated 18 U.S.C. § 371: Conspiracy; 18 U.S.C. §§ 1343, 1346: Wire Fraud Involving Deprivation of Honest Services; 18 U.S.C. § 1952(a)(3): Use of an Interstate Facility in Aid of Unlawful Activity.

The government will only proceed on counts one through four and move to dismiss count five before jury selection begins.

**III. STATEMENT OF FACTS**

Defendant is an orthopedic surgeon who participated in a conspiracy where defendant and other doctors would perform surgeries at Pacific Hospital or refer patients for surgery at Pacific Hospital in exchange for bribe payments. The bribes were covered up by characterizing the bribe payments as payments for legitimate services. Contracts were frequently used to cover up the bribes. In this case, defendant's bribes were paid to him through a pharmacy agreement, a collection agreement, and by characterizing the payments as work for "marketing." In furtherance of this conspiracy, among other things, both defendant and Pacific Hospital would submit bills relating to patient surgeries to insurance carries and they would receive payment from insurance companies for those surgeries.

**IV. MOTIONS IN LIMINE**

**A.   Government's Motion to Admit Cooperating Witness Testimony Regarding Sham Contracts with Drobot-Related Entities (Granted).**

In 2019, the government filed a Motion to Admit Cooperating Witness Testimony Regarding Sham Contracts with Drobot-Related Entities. Dkt. 44. In essence, the government sought to allow the testimony of other doctors who participated in the alleged conspiracy and who covered it up with contracts. Defendant opposed the motion. Dkt. 55. The Court granted the government's motion. Dkt. 76.

**B.   Government's Motion to Admit Portions of January Recording (Granted).**

In 2019, the government filed a Motion to Admit Portions of the January Recording. Dkt. 45. Defendant opposed the motion. Dkt. 52. The Court granted the government's motion. Dkt. 76.

**C.   Defendant's Motion to Exclude January Recording (Denied).**

In 2021, defendant filed a Motion to Exclude Recorded Statements.  Dkt. 85.  Essentially, defendant argued that the government could introduce the January Recording only if it called the cooperating witness who conducted the recording.  The government opposed.  Dkt. 94.  The Court denied defendant's motion.  Dkt. 104.

**D.   Defendant's Motion Admit Statements by Government Counsel (Denied).**

In 2021, defendant filed a motion to Admit Statements by Government Counsel.  Dkt. 86.  Essentially, defendant sought to allow the admission and impeachment of Drobot with various statements AUSA McNally's made during the litigation of Drobot's breached plea agreement.  The government opposed.  Dkt. 92.  The Court denied defendant's motion.  Dkt. 104.

**E.   Defendant's Motion to Preclude Admission of Lay and Expert Testimony (Granted).**

In 2022, defendant file a Motion to Preclude Admission of Lay and Expert Testimony.  Dkt. 117.  Essentially, defendant sought to exclude opinion testimony of SA Colleen Maher regarding certain portions of the January Recording.  The government opposed.  Dkt. 121.  The Court denied defendant's motion.  Dkt. 123.

**V.   EVIDENTIARY ISSUES**

1.   Defendant's Statements and Adopted Admissions

The government intends to admit statements made by defendant. Statements by a party opponent when offered against that party are excluded from the hearsay definition.  Fed. R. Evid. 801(d)(2)(A). Thus, defendant's statements may be admitted against him.

Statements that defendant adopted or that were made by an agent of defendant on a matter within the scope of that agency relationship

4

are similarly admissible.  Fed. R. Evid. 801(d)(2)(C), (D).  Many of the documents seized during the execution of the search warrant at Pacific Hospital and obtained by legal process from defendant's medical practice were reviewed and acted upon by defendant.  These documents all constitute adoptive admissions.  See United States v. Carrillo, 16 F.3d 1046, 1048-49 (9th Cir. 1994) (holding that a document possessed by a defendant is an adopted admission where the defendant takes some step to act on it to demonstrate more than mere possession of the document).  Other documents were created by agents of defendant, including his medical practice and billing companies, were acting within that agency relationship, and so constitute agency admissions.

> 2.   Defendant May Not Introduce His Statements or His Co-Conspirators' Statements because they are Hearsay

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior statements.  See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639 (9th Cir. 1988).  To permit otherwise would place a defendant's statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids."  United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of an INS agent); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999) ("a defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination").

5

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of his out-of-court statements, because when offered by the defendant, the statements are hearsay. See Fed. R. Evid. 801(d)(2); United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's exculpatory statement inadmissible when offered by defense).

Similarly, a defendant's exculpatory statements are not admissible under Federal Rule of Evidence 106, the "rule of completeness." Evidence that is inadmissible is not made admissible by invocation of the "rule of completeness." See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible regardless of Rule 106). As the Ninth Circuit noted in Ortega, a defendant's non-self-inculpatory statements are inadmissible hearsay even if they were made contemporaneously with other self-inculpatory statements. Ortega, 203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594, 599 (1994)).

The "rule of completeness" may require that all of a defendant's prior statements be admitted only where it is necessary to explain an admitted statement, to place it in context, or to avoid misleading the trier of fact. See, e.g., United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982). The doctrine does not, however, require introduction of portions of a statement that are neither explanatory of, nor relevant to, the admitted passages. See Ortega, 203 F.3d at 682-683; Marin, 669 F.2d at 84. The burden is on the defendant to identify a basis for admitting the additional portions of the defendant's prior statement. United States v. Branch, 91 F.3d 699,

1    729 (5th Cir. 1996).  To date, defendant has not indicated that any

2    of the statements the government wishes to introduce require

3    additional statements under the completeness doctrine.

4              3.   Co-Conspirator Statements

5         The government will move to admit statements made by co-

6    conspirators made in furtherance of a conspiracy.  The statements

7    include emails between participants in the conspiracy, documents

8    prepared to calculate kickback payments, and oral statements of the

9    participants.  The government will introduce co-conspirator

10   statements made while defendant was a member of the conspiracy, and

11   statements made before defendant joined the conspiracy.  Both are

12   admissible.

13             a.   *Statements Made During the Course of the*
                    *Conspiracy*
14

15        A statement made by one co-conspirator during the course and in

16   furtherance of a conspiracy may be used against another co-

17   conspirator because such statements are not hearsay.  Fed. R. Evid.

18   801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171, 183 (1987).

19   A statement admitted under Rule 801(d)(2)(E) does not violate the

20   Confrontation Clause, and no independent inquiry into reliability is

21   needed.  Bourjaily, 483 U.S. at 183-84; United States v. Knigge, 832

22   F.2d 1100, 1107 (9th Cir. 1987), amended 846 F.2d 591 (9th Cir.

23   1988).  Rule 801(d)(2)(E) requires a foundation that: (1) the

24   declaration was made during the life of the scheme; (2) the

25   declaration was made in furtherance of the scheme; and (3) there is,

26   including the co-schemer's declaration itself, sufficient proof of

27   the existence of the scheme and defendant's connection to it.

28   Bourjaily, 483 U.S. at 173, 181; United States v. Smith, 893 F.2d

                                    7

1573, 1578 (9th Cir. 1990).  These foundational requirements must be established by a preponderance of the evidence.  <u>Bourjaily</u>, 483 U.S. at 175; <u>United States v. Schmit</u>, 881 F.2d 608, 610 (9th Cir. 1989). The Court can conditionally admit co-conspirator statements subject to a further foundation being laid.  <u>United States v. Arbelaez</u>, 719 F.2d 1453, 1460 (9th Cir. 1983); <u>United States v. Kenny</u>, 645 F.2d 1323, 1333-34 (9th Cir. 1981).

Further, because the co-conspirator exception under the Federal Rules of Evidence is predicated on agency theory – not criminal conspiracy law – the admission of co-conspirator statements is not limited to the statements of individuals charged in the conspiracy and includes statements of others in furtherance of any joint venture.  <u>United States v. Layton</u>, 855 F.2d 1388, 1398 (9th Cir. 1988), <u>overruled on other grounds by</u> <u>United States v. George</u>, 960 F.2d 97 (9th Cir. 1992).

Defendant's criminal partners, including Drobot and doctors who participated in the scheme with him will testify as to his participation in the kickback scheme at Pacific Hospital, which is more than sufficient to establish a foundation for the admission of the co-conspirator statements.

        *b.*    *Statements Made Before Defendant Joined the Conspiracy*

A co-conspirator statement made before a defendant joined the conspiracy is also admissible because it is not hearsay.  <u>See</u> <u>United States v. Segura-Gallegos</u>, 41 F.3d 1266, 1272 (9th Cir. 1994) ("Statements of his co-conspirators are not hearsay even if made prior to the defendant joining the conspiracy."); <u>United States v. DiCesare</u>, 765 F.2d 890, 900 (9th Cir.), amended on other grounds, 777

8

1   F.2d 543 (1985) ("'[A] conspirator who joins a pre-existing

2   conspiracy is bound by all that has gone on before in the

3   conspiracy."); United States v. Adamo, 882 F.2d 1218, 1230-31 (7th

4   Cir. 1989) ("[I]t is well established that a defendant who joins a

5   conspiracy '[takes] the conspiracy as he found it.  When he joined

6   and actively participated in it he adopted the previous acts and

7   declarations of his fellow co-conspirators.' (alteration in original)

8   (quoting United States v. Coe, 718 F.2d 830, 839 (7th Cir. 1983));

9   United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976)

10  ("Statements of a co-conspirator are not hearsay even if made prior

11  to the entry of the conspiracy by the party against whom it is

12  used."); United States v. Little, No. CR 08-0244 SBA, 2012 WL

13  2563796, at *5 (N.D. Cal. June 28, 2012); see also United States v.

14  Handlin, 366 F.3d 584, 590 (7th Cir. 2004) ("[I]it is irrelevant when

15  [defendant] joined the conspiracy, so long as he joined it at some

16  point.").

17          4.   Patient Medical Records

18      The government may introduce into evidence medical records that

19  were obtained from Pacific Hospital and other sources via legal

20  process.  These patient files and records contain evidence of the

21  kickback arrangement.  None of the documents in these patient files

22  contain hearsay statements because they are statements of medical

23  diagnosis or treatment and describe medical histories, see Fed. R.

24  Evid. 803(4) (statements for medical diagnosis or treatment not

25  hearsay).

26

27

28

1      **B.   Summaries Charts and Witnesses**

2           1.   <u>Summary Witnesses</u>

3      An investigating agent witness will provide summary testimony.

4  A summary witness may properly testify about, and use a chart to

5  summarize, evidence that has already been admitted.  The court and

6  jury are entitled to have a witness "organize and evaluate evidence

7  which is factually complex and fragmentally revealed."  <u>United States</u>

8  <u>v. Shirley</u>, 884 F.2d 1130, 1133-34 (9th Cir. 1989) (DEA agent's

9  testimony regarding her review of various telephone records, rental

10 receipts, and other previously offered testimony held to be proper

11 summary evidence, as it helped jury organize and evaluate evidence;

12 summary charts properly admitted); <u>United States v. Lemire</u>, 720 F.2d

13 1327, 1348 (D.C. Cir. 1983).

14      A summary witness may rely on the analysis of others where the

15 summary witness has sufficient experience to judge another person's

16 work and incorporate as his or her own the fact of its expertise.

17 The use of other persons in the preparation of summary evidence goes

18 to its weight, not its admissibility.  See <u>United States v. Soulard</u>,

19 730 F.2d 1292, 1299 (9th Cir. 1984); <u>Diamond Shamrock Corp. v.</u>

20 <u>Lumbermens Mutual Casualty Co.</u>, 466 F.2d 722, 727 (7th Cir. 1972)

21 ("It is not necessary . . . that every person who assisted in the

22 preparation of the original records or the summaries be brought to

23 the witness stand.").

24      **C.   Authentication and Foundation**

25           1.   <u>Fed. R. Evid. 901</u>

26      Federal Rule of Evidence 901(a) provides that "[t]he requirement

27 of authentication or identification as a condition precedent to

28 admissibility is satisfied by evidence sufficient to support a

finding that the matter in question is what its proponent claims."
Fed. R. Evid. 901(a).  Under Rule 901(a), evidence should be
admitted, despite any challenge, once the government makes a prima
facie showing of authenticity or identification so "that a reasonable
juror could find in favor of authenticity or identification . . .
[because] the probative force of the evidence offered is, ultimately,
an issue for the jury."  United States v. Chu Kong Yin, 935 F.2d 990,
996 (9th Cir. 1991) (citations and internal quotation marks omitted).

The government need not establish all links in the chain of
custody of an item or call all persons who were in a position to come
into contact with it.  See Gallego v. United States, 276 F.2d 914,
917 (9th Cir. 1960).  Alleged gaps in the chain of custody go to the
weight of the evidence rather than to its admissibility.  See United
States v. Taylor, 716 F.2d 701, 711 (9th Cir. 1983).  A duplicate is
admissible to the same extent as the original, unless there is a
genuine question as to the authenticity of the original or it would
be unfair under the circumstances to admit the duplicate in lieu of
the original.  See Fed. R. Evid. 1003; United States v. Smith, 893
F.2d 1573, 1579 (9th Cir. 1990).

### 2.   Written and Electronic Communications

The parties have not stipulated to the foundation, authenticity,
and admission of any written or electronic communications.  As with
other types of communication, without a stipulation by the parties,
the admissibility of emails is governed by a collection of
evidentiary rules.  Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534,
538 (D. Md. 2007) (listing rules).

To authenticate an email message, the proponent must produce
"evidence sufficient to support a finding that the matter in question

11

1  is what its proponent claims." Fed. R. Evid. 901(a).  This can be

2  accomplished by testimony of a witness with knowledge, and/or by

3  distinctive characteristics in the email.  Fed. R. Evid. 901(b)(1)

4  and 901(b)(4); see United States v. Siddiqui, 235 F.3d 1318, 1322-23

5  (11th Cir. 2000) (authentication of email by testimony that message

6  bore defendant's email address; described defendant's conduct in

7  intimate detail; referred to author using defendant's nickname; and

8  was followed by telephone call from defendant regarding content of

9  email).

10               3.  Business Records

11       The government intends to offer into evidence business records

12  from banks, insurance companies, and Pacific Hospital.  Rule 902(11)

13  permits the admission of self-authenticating business records.

14  Specifically, the Rule dictates that certified domestic records of a

15  regularly conducted activity "are self-authenticating" and therefore

16  "require no extrinsic evidence of authenticity in order to be

17  admitted."  Fed. R. Evid. 902(11).  To qualify under this provision,

18  the records in question must be "[t]he original or a copy of a

19  domestic record that meets the requirements of Rule 803(6)(A)-(C), as

20  shown by a certification of the custodian or another qualified

21  person."  Id.  The Rule also requires that the proponent of such

22  evidence provide an adverse party, prior to trial, with "reasonable

23  written notice of the intent to offer the record -- and . . . make

24  the record and certification available for inspection -- so that the

25  party has a fair opportunity to challenge them."  Id.

26       Under Rule 803(6)(A)-(C), a business record is admissible if:

27  (A) "the record was made at or near the time by -- or from

28  information transmitted by -- someone with knowledge"; (B) "the

record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of the activity."  Fed. R. Evid. 806(A)-(C).  Moreover, admitting business records under Rule 902(11) without testimony from a custodian of records does not violate a defendant's rights to confront witnesses because business records are not testimonial in nature.  See Bullcoming v. New Mexico, 564 U.S. 647, 659 n.6 (2011) ("Elaborating on the purpose for which a 'testimonial report' is created, we observed in [Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009)] that business and public records 'are generally admissible absent confrontation . . . because -- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial -- they are not testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 324)).

The government has produced to defendant 902(11) declarations for records along with the government's trial exhibits.

**VI.   CONCLUSION**

The government respectfully requests permission to file additional trial memoranda if necessary.

Dated: December 31, 2022          Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  _____/s/_____
                                  BILLY JOE MCLAIN
                                  JOSEPH T. MCNALLY
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

14